FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 16, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LUANA MARIE H., | No. 1:25-CV-03138-SAB |
| Plaintiff, | |
| v. | **ORDER REVERSING THE** |
| COMMISSIONER OF SOCIAL | **DECISION OF COMMISSIONER** |
| SECURITY ADMINISTRATION, | |
| Defendant. | |

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for social security benefits. Plaintiff is represented by David Lybbert. The Commissioner is represented by L. Jamala Edwards, David J. Burdett and Brian M. Donovan. Pending before the Court is Plaintiff's Opening Brief, ECF No. 8, and the Commissioner's Brief, ECF No. 9.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision and remands for an immediate award of benefits.

I.    **Jurisdiction**

On June 18, 2020, Plaintiff filed an application for disability insurance benefits, as well an application for supplemental security income, alleging

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 1**

disability beginning January 1, 2015.[1] Plaintiff's application was denied initially and on reconsideration. Plaintiff requested a hearing and on June 26, 2023, a telephonic hearing was held. Plaintiff appeared and testified before an ALJ, with the assistance of attorney David Lybbert. A supplemental telephonic hearing was held on April 5, 2024 and Plaintiff participated with her attorney. Aaron Williams, Ph.D, medical expert, and Jaye Stutz, vocational expert, also participated. The ALJ found that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on June 25, 2025. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed an appeal with the United States District Court for the Eastern District of Washington on August 22, 2025. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The

---

[1] At the hearing, Plaintiff requested to amend the alleged onset date to January 1, 2019 to simplify the review of the record.

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 2**

Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1),

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 3**

416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 4**

ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the hearing, Plaintiff was 35 years old. She did not graduate high school and has not earned her GED. She has prior work as a caregiver, but she stopped with work in 2015, after her father died. She attempted to go back to work in 2019, but she experienced panic attacks and quit. Plaintiff is bipolar. She also suffers from depression. She testified that she only drives if another person is in the car, and she cannot go into a store unless someone is holding her hand, or she has her support dog with her.

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 17-30.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 1, 2015, the alleged onset date. AR 19.

At step two, the ALJ identified the following severe impairments:  bipolar disorder; major depressive disorder; generalized anxiety disorder with agoraphobia; and panic disorder. AR 20.

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 5**

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 21. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to simple and repetitive tasks, with only occasional changes in the work setting, and can have occasional, superficial interaction with the general public, co-workers, and supervisors. The claimant should avoid any type of fast-paced assembly line work. The claimant should avoid any type of fast-paces assembly line work.

AR 23.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. AR 28.  The ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, including Floor waxer; Cleaner II, and Cleaner, housekeeping. AR 29. Consequently, the ALJ found that Plaintiff was not disabled.

## VI.  ISSUES

1.      Whether the ALJ's determination of the RFC was supported by substantial evidence?

## VII.  Discussion

The ALJ erred in determining Plaintiff's RFC because it failed to include limitations that were supported by the record. First, even though the ALJ found that Plaintiff's mental health impairments did not meet the Listings, it found they combined to create moderate limitations in four realms of function: understanding, remembering, and applying information; interacting with others; concentration persistence and maintaining pace; and adapting or managing oneself. Yet, the RFC limited Plaintiff to simple repetitive tasks with only occasional changes in the work setting; occasional superficial interaction with the general public, co-workers and

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 6**

supervisors, and no fast-paced assembly line work. The ALJ failed to account for Plaintiff's moderate limitations in maintaining pace, concentration persistence, or managing oneself.

Second, the RFC fails to address limitations the ME identified at the hearing, including that Plaintiff would have moderate limitations in accepting criticism from supervisors, her bipolar disorder and panic attacks would be variable, so at times, the impairments from the Bipolar would be marked, and the moderate to marked impairments would affect her ability to maintain attention and concentration, the ability to maintain regular attendance, and the ability to complete a normal workday or workweek would be markedly impaired at times.

Third, Dr. Morgan identified marked impairments as a result of her Bipolar and anxiety issues, and the ALJ erred in finding Dr. Morgan's opinion not persuasive.

In evaluating medical opinion evidence, the ALJ must consider the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) Supportability.

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 7**

The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency.

The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be. *Id.*

The ALJ concluded that Dr. Morgan's exam findings were essentially normal. This is not supported by substantial evidence. Rather, Dr. Morgan found that Plaintiff appeared anxious, and she struggled with her immediate memory, which are not normal findings. Dr. Morgan relied on the fact that Plaintiff experiences anxiety in open spaces, crowds and does not leave her house alone. She has feelings of worthlessness, poor concentration, and suicidal thinking. Dr. Morgan's opinions and conclusions are supported and consistent with the record. The ALJ erred in finding that Dr. Morgan's opinion was not persuasive. As such, the ALJ erred in failing to account for the limitations assessed by Dr. Morgan.

Plaintiff is bipolar. As such, it is particularly important that the ALJ consider the record as a whole. *See Garrison v. Colvin*, 759 F.3d 995, 1018 n. 23 (9th Cir. 2014) ("The ALJ was not permitted to "cherry-pick" from those mixed results to support a denial of benefits.... The very nature of bipolar disorder is that people with the disease experience fluctuations in their symptoms, so any single notation that a patient is feeling better or has had a 'good day' does not imply that the condition has been treated."). The ALJ failed to consider the record as a whole in his instance. Instead, the ALJ cherry-picked facts that gloss over the limitations that Plaintiff experiences as she cycles through her mood swings.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 8

For instance, the ALJ found that while Plaintiff did not make any deliberately false or misleading statements her subjective statements were inconsistent with the objective medical evidence. This is not true. Instead, the record indicates that Plaintiff suffers from significant mood cycles, which means there are times when she has energy, but there are times where she is not functioning and cannot get out of bed or take care of herself. Plaintiff has not lived on her own for years, mostly living with family and at times experiencing homelessness or living in a car. Plaintiff testified her mood cycles are shortened in duration by medication, but they still occur on a regular basis, nonetheless.

**VIII. Conclusion**

The ALJ erred in determining Plaintiff's RFC because it did not accurately account for her limitations that are documented in the record. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.") (quotation omitted).

And, if the ALJ properly included Plaintiff's limitations in the RFC, it is clear the ALJ would have to find that Plaintiff is disabled on remand. As such, there is no need to develop the record or convene further administrative proceedings. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). Therefore, a remand for the immediate award of benefits is appropriate.

Accordingly, **IT IS HEREBY ORDERED:**

1.    For court management purposes, Plaintiff's Opening Brief, ECF No. 8, is **GRANTED**.

2.    For court management purposes, the Commissioner's Brief, ECF No. 9, is **DENIED**.

3.    The decision of the Commissioner is **REVERSED**. This matter is **REMANDED** to the Commissioner for an immediate award of benefits.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 9

4.     Judgment shall be entered in favor of Plaintiff and against the Commissioner.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 15th day of January 2026.



Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 10